NYGAARD, Circuit Judge,
concurring in part and dissenting in part:
I dissent because I do not believe that Bosch has standing to challenge the District Court’s dismissal order. In my view, Bosch has not demonstrated that it was “aggrieved” by the District Court’s order that dismissed Celias’ entire federal suit against it. I simply cannot ignore the fact that after the District Court issued the order dismissing the Celias’ claims Bosch walked out of the courtroom completely free from suit. Bosch’s grief arises solely because Pennsylvania law gives Celia a cause of action in this situation.
The Supreme Court has indeed recognized that procedural injury relating to choice of forum may create standing. See International Primate Protection League v. Administrators of Tulane Educ. Fund, 500 U.S. 72, 77-78, 111 S.Ct. 1700, 1704-05, 114 L.Ed.2d 134 (1991) (holding that denial of a plaintiffs right to choose a forum was a sufficient injury to support standing). Nonetheless, it is my belief that, for a party to have standing to appeal *914 the dismissal, the procedural injury must be caused more directly by an order of the District Court. As the majority notes,
Ordinarily, only a party aggrieved by a judgment or order of a district court may exercise the statutory right to appeal therefrom. A party who receives all that he has sought generally is not aggrieved by the judgment affording the relief and cannot appeal from it.
Deposit Guar. Nat. Bank v. Roper, 445 U.S. 326, 333, 100 S.Ct. 1166, 1171, 63 L.Ed.2d 427 (1980).
Here, Bosch received all the relief it could reasonably have sought in the District Court — the case against it was entirely dismissed.[1] The fact that Bosch was then faced with a suit in Pennsylvania state court does not change this reality.
Bosch was aggrieved, if at all, not by the District Court’s order, but by the independent operation of the Pennsylvania statute. Bosch’s arguments regarding that statute are more appropriately directed to the Pennsylvania courts or the legislature that enacted the savings statute. We flex the concept of standing too far when we say that a defendant has been aggrieved by a District Court order that dismissed all charges against it. Therefore, because I do not think that Bosch has standing to challenge the District Court’s decision, I respectfully dissent from Part II of the majority opinion.[2]

. Bosch argues that, once the Pennsylvania statute of limitations ran, it acquired an ''expectation” that it would be able to defend against the claims in the District Court. It argues that the District's Court's frustration of this expectation supports standing. I see two problems with this expectation. First, it is hard for me to see how Bosch can complain that its "expectation” that it would be able to defend in federal court was frustrated when the case was dismissed entirely. Bosch had no right to defend the case in federal court, and could certainly not have complained had the Celias voluntarily withdrawn the case and refiled in state court.
Second, the "expectation” that it would be able to defend was not a right, and any expectation it had was tempered by the fact that Pennsylvania law provided that, if the case was dismissed because of some defect in the subject matter jurisdiction, Bosch would again be subject to suit in state court. "Expectations” must take into account all possibilities.

. My dissent is limited to Part II. If Bosch has standing to appeal a favorable judgment, I agree that the District Court clearly erred in granting it.